## STAPP, et al v. COMMANDER, et al.

Circuit Court, Lake County.
February 5, 1952.

Pringle & Pringle, Leesburg, and C. E. Duncan, Tavares, for plaintiffs.

C. Roger Wells, Leesburg, and T. C. Cork, Clermont, for defendants.

T. G. FUTCH, Circuit Judge.

This is an action in ejectment growing out of a disputed property line dividing properties belonging to plaintiffs and defen-

dants. Title of each of the parties was admitted by the other, leaving for determination the true location of the dividing line and the question of damages.

No question of adverse possession is presented, nor could it have been even had defendants shown possession for the necessary length of time. Their claim is not based on adverse possession but on a claim of actual title—and one does not claim adversely if he thinks he actually owns the property.

The disputed parcel is a narrow strip 15 feet wide along the east side of plaintiffs' property and the west side of defendants' property, and seems to have been a sort of no man's land not used by either of the parties except toward the south end, where a sort of road has been established leading to a trailer camp site operated by plaintiffs.

Two very able land surveyors made surveys and were called as witnesses, Harold Peters for plaintiffs, and Cy Willard for defendants.

The land involved is not part of any subdivision other than the original government survey. Both properties front on state road 25 (U.S. 441) and across this road to the east and south of these properties and in the same section, is a boom-time subdivision known as North Leesburg.

The defendants' surveyor, Willard, assumed this subdivision had been properly located with reference to the original government survey — and tied his survey to the monuments found to have been placed in connection with the survey of the subdivision. This I think would have been correct had either of these properties been a part of the subdivision. According to his survey the parcel belongs to defendants.

The plaintiffs' surveyor, Peters, based his survey on the corner and half section posts of monuments as fixed and set by the original government survey — and Willard admitted in his testimony that Peters had unquestionably properly and accurately located these original monuments as originally set by the first government survey. According to his survey the parcel belongs to plaintiffs.

Therefore since the title of both parties is based on the government survey (and title to the larger tracts is not disputed)

it is clear plaintiffs have established title to the disputed parcel—and as there is no claim of adverse possession by defendants judgment should be for plaintiffs and against defendants.

Plaintiffs having made no sufficient showing of damages are not entitled to any judgment for damages. Costs will be assessed against defendants, including an expert witness fee for Peters in the amount of $30. Verdict and judgment will be rendered accordingly.